Goldman. *et al. vs.* State.

(Decided 17th March, 1892.)

AUGUST GOLDMAN, CHARLES SHRIVER and MARTIN DRUMGOOLE *vs.* THE STATE OF MARYLAND.

*Criminal law—Instruction—Practice in Appellate Court— Practice.*

In the trial of a criminal case, the Court may, in its discretion, refuse to instruct the jury to render a verdict of not guilty against the defendant on the ground that the evidence is insufficient to convict him, as the jury would not be bound by such instruction, they being judges of law, as well as of fact in criminal cases.

In the trial of a criminal case, the Court may, in its discretion, advise the jury as to the law and legal effect of the evidence, but it is not bound to do so, and, being matter within its discretion, its refusal to do so cannot be reviewed in the Appellate Court.

Where on a trial under a joint indictment, after all the testimony on the part of the State is in, the State's attorney consents to a verdict of not guilty as to one of the defendants, it is the duty of the Court to direct the verdict to be taken immediately, and then to proceed against the others.

But the refusal of the Court to direct a verdict of not guilty against a defendant who was afterwards acquitted by the verdict of the jury, is no ground for a reversal at the instance of the defendants who were convicted, where such ruling did them no harm.

Where testimony has been allowed to go in without objection, it is not error in the Court to refuse to strike out such testimony as being too uncertain and remote, and not bearing on the case.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J., for the appellee, and submitted on brief for the appellants.

*T. C. Ruddell,* for the appellants.

*John Prentiss Poe, Attorney-General,* for the appellee.

BRISCOE, J. delivered the opinion of the Court.

The appellants were indicted in the Criminal Court of Baltimore for gambling, and on the first day of July, 1891, after a trial before a jury, were convicted. There were two others—James Hagan and John Murphy—who were indicted jointly with them for the same offence, but they were acquitted. Three exceptions were taken by the appellants during the trial to the rulings of the Court, and the questions for our consideration arise upon these exceptions. After all the testimony on the part of the State had been taken, the traversers moved the Court to direct the jury to render a verdict of not guilty as to one of the traversers, James Hagan. The State's Attorney consented to confess a verdict of not guilty as to him, whereupon the traversers moved that this verdict be at once recorded, but the State's Attorney objected to its being taken at that stage of the proceeding, and until the jury passed upon the whole case. This objection was sustained by the Court, and this forms the basis of the first exception. The second exception, which we shall consider with the first, was taken to the refusal of the Court to instruct the jury to render a verdict of not guilty as to John Murphy on the ground that the evidence was insufficient to convict him.

Now, it is too well established in this State, to be seriously questioned, that "in the trial of all criminal cases the jury shall be the judges of law as well as of fact."

This is provided by Article 15, section 5, of the Constitution of 1867, and has too often been presented and passed upon by this Court to need, in this case, more than a reference to some of the numerous authorities thereon. This doctrine was fully maintained in the cases of *Broll vs. The State*, 45 *Md.*, 356; *Bloomer vs. State*, 48 *Md.*, 521; *Forwood vs. State*, 49 *Md.*, 531; *World vs. State*, 50 *Md.*, 49; and *Bell, alias Kimball vs. State*, 57 *Md.*, 108. In all of these cases it was held that a jury would not be bound by any instructions given by the Court, but could disregard them. The Court may, in its discretion, advise the jury as to the law and legal effect of the evidence, but is not bound to do so, and, being a matter entirely within its discretion, its refusal to do so cannot be reviewed by this Court.

But it is contended that there was error in the Court's refusing to direct a verdict of not guilty to be entered as to James Hagan, after the evidence on the part of the State was all in. The correct practice, as laid down by Mr. *Bishop*, is, that when, in the case of a joint trial, the evidence in behalf of the prosecution is all in, and there is no testimony implicating one of the defendants, it becomes the duty of the Court to permit the verdict to be immediately taken acquitting this one, and that he will be a competent witness for the rest. 1 *Bishop Criminal Procedure, sec.* 1201.

The proper practice, then, in case of a joint trial, where the State's Attorney consents to a verdict of not guilty as to one of the defendants, is for the Court to direct the verdict to be taken at once, and then to proceed as against the others.

But, conceding that there was error or irregularity in the action of the Court in refusing to direct an acquittal

as to James Hagan, he would in that event be the only party injured thereby, and as he was acquitted, and not here complaining, there can be no reversal on this account at the instance of parties who were convicted, when the ruling of the Court did them no harm. And, in addition to this, there was no offer on the part of these traversers to examine these witnesses, when under our statute, they would have been competent witnesses, notwithstanding they were resting under a charge of crime. The third exception was taken to the refusal of the Court to grant a motion by the traverser Drumgoole, to strike out certain testimony given by the witness Hall, in relation to having seen the said Drumgoole, at the door of the gambling house, as being too uncertain and remote, and not bearing on the case. We think the Court committed no error in overruling this motion, as the testimony had been allowed to go in without objection and the motion was too late. Finding no error in the rulings of the Court below, they will be affirmed.

*Rulings affirmed, and*
*cause remanded.*

(Decided 17th March, 1892.)