[No. 21010. In Bank.—December 26, 1894.]

## THE PEOPLE, Respondent, *v.* E. P. DANIELS ET AL., Appellants.

CRIMINAL LAW—ORDER DENYING NEW TRIAL—DISMISSAL OF APPEAL.—An appeal from an order denying a new trial in a criminal case must be dismissed if taken after the time limited therefor by section 1239 of the Penal Code.

ID.—ADMISSION OF IMMATERIAL EVIDENCE.—The admission of immaterial evidence in a criminal case, which does not affect the substantial rights of the parties, is not ground for the reversal of a judgment of conviction.

ID.—CONSPIRACY TO MAINTAIN ACTION FOR SLANDER—OVERT ACT—EVIDENCE — COMMENCEMENT OF SUIT. — In a criminal prosecution for conspiring falsely to move and maintain an action of slander, under division 3 of section 182 of the Penal Code, it is necessary to allege and to prove, in addition to the conspiracy, some overt act in furtherance and pursuance of the conspiracy, and the complaint in the action of slander is properly received in evidence for the purpose of proving the commencement of the action by filing of the complaint as an overt act.

ID.—EVIDENCE—DECLARATIONS OF CONSPIRATOR—ORDER OF EVIDENCE—DISCRETION.—In a criminal prosecution for a conspiracy it is not necessary that the conspiracy be actually shown to have been formed before the declarations of either of the conspirators can be proven; though, if the conspiracy is not ultimately proven, such declarations must be disregarded; and the order of proof is largely in the discretion of the court, which may determine how much evidence of the existence of the conspiracy should be required before receiving evidence of the acts and declarations of one of the alleged conspirators in the absence of the other; and, where evidence has been given tending to prove a conspiracy, objection made to the evidence of a conversation with one of the defendants relating to the suit after its commencement, upon the ground that no conspiracy had then been established, is properly overruled.

ID.—PROOF OF PART OF CONVERSATION.—Where a part only of a conversation is heard by a witness, the rule that he must give all that was said applies only to so much as he heard, and if what he heard is intelligible

and pertinent to the case, the prosecution is entitled to prove it; and, if the part not heard by the witness would in any material respect modify or explain the part heard, the defendant may give it in explanation.

ID.—TAKING CASE FROM JURY—POWER OF COURT.—Under section 1118 of the Penal Code the court cannot instruct the jury to acquit the defendant for want of sufficient evidence, but is only authorized in any case to advise the jury to acquit, which advice the jury are not bound to follow, and the court in a criminal case has no power to determine as matter of law, at the close of the evidence of the prosecution, that the evidence is insufficient to justify a conviction.

ID.—INSTRUCTIONS—FALSE CONSPIRACY.—Where an instruction for the prosecution closely follows the statute, and does not omit the word "falsely," and the instructions for the defendants give them the benefit of any reasonable doubt as to whether they conspired together willfully, corruptly, falsely, and fraudulently to prosecute the action by unlawful means, or by false and fraudulent testimony corruptly procured, the defendants cannot complain that the jury was misdirected upon the subject of falsely moving or maintaining the action.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.

The facts are stated in the opinion.

*Graham & Terry,* and *Frank H. Short,* for Appellants.

*Attorney General W. H. H. Hart,* and *Deputy Attorney General W. H. Layson,* for Respondent.

HAYNES, C.—Appellants were indicted for conspiring falsely to move and maintain an action of slander by Zua Daniels against M. J. Church, under division 3 of section 182 of the Penal Code, and upon the trial were found guilty by the jury, and a judgment against each was entered, imposing a fine; and they appeal from said judgments and an order denying their motion for a new trial.

The appeal from the order denying a new trial must be dismissed, because taken long after the time limited therefor by section 1239 of the Penal Code.

Appellants' brief, however, is almost wholly devoted to questions which could only be considered upon an appeal from such order, and point out no errors in receiving or rejecting evidence, unless it is contained in the statement that, "The whole of the evidence for

the prosecution is irrelevant, immaterial, and inadmissible for any purpose, for the reason that it did not even tend to show that Daniels and Hutchings had conspired together to falsely move or maintain the action of *Zua Daniels* v. *M. J. Church.*" The bill of exceptions covers nearly four hundred pages of the transcript, and clearly it was the duty of counsel if, in their opinion, any material error was committed, to have pointed it out and shown how or why appellants were prejudiced by it. That the evidence took an exceedingly wide range, and that much of it was immaterial is apparent, but we cannot on that ground alone reverse the judgment. The Penal Code, section 1258, provides: "After hearing the appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

The exceptions which seem to us to be most important will be briefly noticed. The complaint in the action of Zua Daniels against M. J. Church was properly received in evidence. To sustain this prosecution it was necessary to allege in the indictment and to prove upon the trial, in addition to the conspiracy, some overt act in furtherance or pursuance of the conspiracy. The commencement of the action by filing the complaint was an overt act (Pen. Code, sec. 184), though such overt act need not be alleged or proved if the conspiracy was to commit a felony.

Objection was made to evidence of a conversation between Church and defendant Hutchings relating to the suit after its commencement upon the ground that no conspiracy had then been established. Evidence had been given tending to prove a conspiracy, but it was not necessary that the conspiracy be actually shown to have been formed before the declarations of either of the conspirators can be proven. If the conspiracy is not ultimately proved, such declarations must be disregarded; but generally conspiracies cannot be proved as an independent fact, such as the execution of a promissory note, but are shown from circumstances, some testi-

fied to by one witness and others by other witnesses. It is largely in the discretion of the court as to how much evidence of the existence of the conspiracy shall be required before receiving evidence of the acts and declarations of one of the alleged conspirators in the absence of the other. The evidence objected to was properly received.

A witness for the prosecution was called to testify to what he overheard defendant Daniels and his wife say concerning Mr. Church and suits against him for slander. The witness said he could not hear all that was said; that sometimes their voices would be so low he could not hear. The defendants objected to the witness stating any part of the conversation, unless he heard and could state the whole of the conversation. The objection was properly overruled. The general rule is that a witness called to testify to a conversation cannot give a part and withhold a part, but must give the whole conversation, at least in substance. But where a part only of a conversation is heard by the witness the rule that he must give all that was said applies only to so much as he heard. If what he heard is intelligible and pertinent to the case the prosecution is entitled to it. If the part not heard by the witness would in any material respect modify or explain the part he heard the defendant can give it in explanation. (*Frank* v. *State*, 27 Ala. 37.)

Numerous other exceptions were taken, but, after reading the entire transcript, we do not find that any prejudicial error was committed in receiving or rejecting evidence. Great latitude was allowed in the introduction of evidence, and there is much that might have been omitted without prejudice to either side, but we cannot for that reason reverse the judgment.

The minutes of the court show that a demurrer to the indictment was overruled, but the demurrer is not in the record. We see no ground, however, upon which the indictment could be held insufficient.

When the prosecution rested, after the introduction of

its evidence in chief, counsel for defendants moved the court as follows: "We move the court to instruct the jury on two grounds: 1. That there is no evidence of any conspiracy to do an unlawful act, and no evidence tending to support the allegations of the indictment."

This motion was denied and defendants excepted.

Section 1118 of the Penal Code provides: "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice."

The motion to "instruct" the jury was properly denied. The court was only authorized in any case to "advise" the jury to acquit. (*People* v. *Horn,* 70 Cal. 18.) It must be borne in mind that the court has no such power to control the action of the jury in criminal as in civil cases, for in criminal cases the court cannot *direct,* but only "advise" an acquittal. We cannot say, therefore, that defendants were prejudiced by the refusal so to advise, since the jury might, notwithstanding the advice, have found the defendants guilty; and if so the verdict could not be set aside upon the ground that the jury had disobeyed or disregarded the instruction of the court, but only upon motion for a new trial upon the ground that the verdict was not sustained by the evidence. The obvious effect of this provision of the Penal Code is to take from the court the power to determine, as a matter of law, at the close of the evidence for the prosecution, that the evidence is insufficient to justify a conviction.

It is further urged by appellants that the court erred in giving the ninth instruction requested by the prosecution. They say that:

"The prosecution, being unable to prove that defendants *falsely moved or maintained* said action, began to cast about for some grounds upon which the prosecution might be maintained by dropping out the word 'falsely,' . . . . and came to the conclusion that they could admit that Church did slander Zua Daniels, that she had a

good cause of action against Church, and yet, if the defendants advised or assisted her in said action, they became thereby criminally liable."

As the record is not open to us for the purpose of considering whether the verdict is supported by the evidence, we can only examine this contention in the light of the instructions given to the jury.

In *People* v. *Richards*, 67 Cal. 415, 56 Am. Rep. 716, it was said: "A conspiracy is (in the absence of statutory limitations) an agreement of two or more to do an unlawful act, or a lawful act by unlawful means."

This definition applies to the conspiracy here charged. Such charge may be maintained by proving a conspiracy to move an action without cause, knowing that no cause of action exists; or, that a cause of action existing, to maintain it by false testimony or other unlawful means. The ninth instruction given at the request of the prosecution, after referring to the case of *Zua Daniels* v. *Church* as the action to which the alleged conspiracy related, and cautioning the jury that they were not trying that action, proceeded as follows:

"The issues here are, did E. P. Daniels and Joseph Hutchings, at the time and place as alleged in the indictment, willfully, unlawfully conspire, combine and agree together falsely to move or maintain that suit and action, as set out in the indictment, and whether, in pursuance of such agreement, they, or either of them, committed an overt act looking toward the carrying out of the common design."

It will be seen that this instruction closely followed the statute, and did not omit the word "falsely." But instructions given at defendant's request, while entirely consistent with the instruction above quoted, were more specific, and expressly instructed the jury that if they had any reasonable doubt whether the action of Zua Daniels against Church was one which could be justly and lawfully prosecuted they should give the defendants the benefit of the doubt, and assume that it was a just one; and, if they should have any reasonable doubt as

to whether said action was justly or unjustly prosecuted, "and you, under such circumstances, should assume, as it would be your duty to assume, that the said action was a just one, and one that could rightfully be prosecuted, then you may consider whether or not, in prosecuting said action, the said defendants conspired together willfully, corruptly, falsely, and fraudulently to prosecute said action by unlawful means or by false and fraudulent testimony corruptly procured"; and upon this point also they were instructed to give the defendants the benefit of any reasonable doubt.

In preparing these instructions counsel stated the law as favorably to defendants as they could desire, and cannot complain that the jury were misdirected.

We advise that the appeal from the order denying a new trial be dismissed, and that the judgment be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the appeal from the order denying a new trial be dismissed, and that the judgment appealed from be affirmed.

McFARLAND, J.,    FITZGERALD, J.,
DE HAVEN, J.,    VAN FLEET, J.