[Crim. No. 1133.   In Bank.—January 12, 1905.]

THE PEOPLE, Respondent, v. M. T. WARD, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—SUFFICIENCY OF EVIDENCE, HOW REVIEWED—APPEAL FROM JUDGMENT AND ORDER DENYING NEW TRIAL.—Conceding, without deciding, that the sufficiency of the evidence to support a verdict of guilty of obtaining money by false pretenses cannot be reviewed upon appeal from the order refusing a new trial, for want of including the grounds of the motion in the bill of exceptions, yet where the defendant moved the court, when the prosecution rested, to instruct the jury to acquit, and excepted to the ruling denying the motion, the ruling involved the whole merits of the case, and necessarily affected the judgment, and the sufficiency of the evidence for the prosecution may be reviewed upon the appeal from the judgment, upon the bill of exceptions in relation to such ruling.

ID.—CORPUS DELICTI—ELEMENTS OF CRIME.—The elements of the crime of obtaining money by false pretenses necessary to establish the *corpus delicti* are false statements adapted to the fraudulent purpose and money parted with upon the faith of such statements.

ID.—CORPUS DELICTI, HOW PROVED—ADMISSIONS OF DEFENDANT INSUFFICIENT.—The *corpus delicti* must be proved by evidence independent of the extrajudicial confessions or admissions of the defendant.

Where there was no substantial evidence of the falsity of the statements alleged to have been made by the defendant aside from the testimony of witnesses as to his admissions, it was the duty of the court to advise the jury to acquit the defendant.

ID.—DUTY TO "ADVISE" JURY—REQUEST TO "INSTRUCT."—Where the case is such that under the statute it is the duty of the court to "advise" the jury to acquit for want of evidence of the *corpus delicti*, absolutely required by law to sustain a conviction, the fact that counsel moving orally at the close of the people's case used the word "instruct" instead of "advise" does not justify a denial of the motion, which would sacrifice substantial justice to a mere form. The court under such motion should "advise" an acquittal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Emmet H. Wilson, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

BEATTY, C. J.—The defendant was convicted on a charge of obtaining money by false pretenses (Pen. Code, sec. 532), and appeals from the judgment as well as from the order denying his motion for a new trial. In support of his appeal from the order he makes the point that the evidence in the record is not sufficient to sustain the conviction. This is practically conceded by the attorney-general, but he objects to any consideration of the point because the record does not disclose the grounds of the motion, and therefore we cannot know that it was based either wholly or in part upon the alleged insufficiency of the evidence.

The motion which was filed by the defendant is not included in the bill of exceptions, but it seems that the clerk in entering the order denying a new trial inserted in his minutes, and in immediate connection with the order, a full copy of the motion, and it is certified to us in that form; that is to say, as a part of the minutes of the proceedings upon the motion. The contention seems to be, that since it is not the duty of the clerk to record anything but the order, his statement of the grounds of

the motion must be disregarded, and that under rule XXIX of this court they can never be considered, except when set out in a bill of exceptions. It is doubtful whether this rule applies. It has been held not to apply to the order appealed from, or to anything appearing on the face of the record of the order. (*Miller* v. *Lux,* 100 Cal. 612.) But probably the statute does; at least we are not prepared to say that a defendant in a criminal cause seeking a review of an order denying him a new trial on the ground that the verdict is unsupported by the evidence can be excused from showing by his bill of exceptions that he moved on that ground. For unless that is one of the grounds of his motion, and shown to be so by his bill of exceptions, the attention of the court and of the district attorney is not called to the necessity of setting out the evidence by amendment where material evidence has been omitted from the bill as proposed, and this court under such circumstances might feel constrained to presume that there was other evidence introduced at the trial sufficient to cover any deficiencies apparent in the record.

These questions, however, do not require to be decided in the present case, for conceding that the evidence cannot be reviewed on the appeal from the order, the question of its sufficiency to sustain the verdict is presented by the appeal from the judgment.

When the prosecution rested, the defendant moved the court to instruct the jury to acquit. The motion was denied and the defendant excepted. This ruling clearly involved the whole merits of the case, and necessarily affected the judgment. It is therefore reviewable on appeal from the judgment (Pen. Code, sec. 1259), and was the subject of an exception under subdivision 3 of section 1170 of the Penal Code. It was also an exception which equally with a motion for a new trial on the ground of insufficiency of the evidence gave notice to the judge and the district attorney that if there was competent evidence to sustain the charge they must see to it that the bill of exceptions as settled shows the fact. We are therefore justified in assuming in this case that if the evidence in the record fails to support the verdict, then the evidence adduced at the trial was equally deficient.

The charge was obtaining money by false pretenses. The elements of this crime necessary to the establishment of the

*corpus delicti* are false statements adapted to the fraudulent purpose, and money parted with upon the faith of such statements. As in other cases, the *corpus delicti* must be proved by evidence independent of the extrajudicial confessions or admissions of the defendant. (*People* v. *Simonsen,* 107 Cal. 345.) In this case there was no substantial evidence of the falsity of the statements alleged to have been made by the defendant aside from the testimony of witnesses as to his admissions. And this made it the duty of the court, upon request of the defendant, to *advise* the jury to acquit. It is true that in making his motion he used the word "instruct" instead of "advise," and it was held by this court in the case of *People* v. *Daniels,* 105 Cal. 266, not to have been an error to refuse an instruction in writing, similarly worded, because section 1118 of the Penal Code only authorizes the judge to advise the jury to acquit when he deems the evidence insufficient to warrant a conviction. The distinction between the right of the judge to *advise* a verdict of acquittal, and the power to *compel* a verdict is of course an important one in some aspects of the question, and was important in the case of the *People* v. *Horn,* 70 Cal. 18, which was cited as authority in the case of *People* v. *Daniels.* But if the case is such that it is the duty of the court to advise an acquittal upon the ground that there is no evidence of the *corpus delicti* of a character absolutely required by the law to sustain a conviction, the fact that counsel moving orally at the close of the people's case uses the word "instruct" instead of "advise" does not justify a denial of the motion. To say that it does is to sacrifice substantial justice to a mere form. In *People* v. *Jones,* 31 Cal. 571,—a well-considered decision frequently cited in later cases and never disapproved,—it was held that in such a case the court should *instruct* the jury that the *corpus delicti* was not proved. This case was not cited or referred to in *People* v. *Daniels,* though much more directly in point than *People* v. *Horn,* where the question under consideration was the effect of a former acquittal by a jury that had been *instructed* to acquit.

In *People* v. *Lewis,* 124 Cal. 553, Justice Temple, in a case of conflicting evidence, and where the evidence was amply sufficient to sustain the conviction, expressed the opinion that the refusal of the judge to advise an acquittal was not the

subject of an exception; but that statement was not necessary to his conclusion and was not the ground of decision. We approve the doctrine of *People* v. *Jones,* 31 Cal. 571, that when there is a clear failure of proof upon a material allegation of the charge the defendant has a right to demand an instruction to the jury that there has been such failure of proof, and the fact that he moves for an instruction to *acquit* does not relieve the court of the duty of doing what the court in such case may do,—i. e. *advise* an acquittal.

The judgment is reversed and cause remanded.

Lorigan J., and Henshaw, J., concurred.

Angellotti J., McFarland, J., and Van Dyke, J., concurred in the judgment.

SHAW, J., dissenting.—I dissent. I think the judgment should be affirmed, for the reason that under the decisions in *People* v. *Daniels,* 105 Cal. 266, and *People* v. *Lewis,* 124 Cal. 553, the record presents no question for review by this court.