# THE STATE OF NORTH DAKOTA v. WILLIAM WRIGHT.

### (126 N. W. 1023.)

**Appeal and Error — Trial — Criminal Law — Directing Acquittal.**

1. Error cannot be predicated upon the refusal of the court at the close of the state's case to advise an acquittal as the jury is not bound by such advice, and the court cannot, on such application, say, as a matter of law, that the evidence is insufficient to support a conviction, nor prevent the jury from giving a verdict, but such question may be disposed of by the court on motion for new trial in case of conviction.

**Criminal Law — Briefs — Rules of Court.**

2. Assignments of error not supported in appellant's brief by argument or citation of authorities will not be noticed by this court. Rule 14 (10 N. D. xlvi) which is applicable to the preparation of briefs in criminal causes, among other things provides: "In the body of his brief appellant shall present his reasons in support of each error assigned, with a concise statement of the principles of law applicable thereto with authorities supporting the same, treating each assignment relied upon separately, and such errors as are merely assigned and not supported in the body of the brief by reasons or authorities will be deemed to have been abandoned." Such rule will be adhered to and enforced unless exceptional reasons appear why the same should be relaxed. No such reasons appear in the case at bar.

**Criminal Law — Appeal and Error — Record Presumed Free from Error.**

3. The presumption obtains in criminal as well as civil appeals that the record is free from error, and the appellant has the burden of affirmatively showing the existence of error.

**Criminal Law — Motion in Arrest of Judgment — Sufficiency of Information.**

4. Following the rule announced in State v. Johnson, 17 N. D. 554, 118 N. W. 230, *held,* that when the sufficiency of the allegations in an information is first challenged by motion in arrest of judgment, the same will be construed with less strictness than when the sufficiency thereof is raised by demurrer; and where the information states facts constituting an offense in general words and substantially in the language of the statute defining the offense, the information will be *held* sufficient as against attack by motion in arrest of judgment.

Opinion filed May 14, 1910.

Appeal from District Court, Burleigh county, *W. H. Winchester,* J.

From a conviction of the crime of escaping from prison, defendant appeals.

Affirmed.

*W. L. Smith,* for appellant.

*Andrew Miller,* Attorney General, *R. N. Stevens,* and *H. R. Berndt,* for respondent.

FISK, J.   Appellant was convicted in the district court of Burleigh county of the crime of escaping from prison.   He thereafter moved for a new trial and in arrest of judgment, which motions were denied, and he has appealed from the judgment of conviction and from the orders denying such motions.

Numerous alleged errors are assigned in appellant's brief, but it will be unnecessary to notice them all in detail.   Prior to noticing the various assignments of error, we will briefly refer to the facts.

Appellant, at the time of the alleged offense, was serving a term in the penitentiary pursuant to a judgment of the district court of Grand Forks county.   He and others had been working in a hay field connected with the penitentiary grounds during the day under the supervision of one of the penitentiary guards, and, in the evening, as the guard and others were leaving such field to return to such penitentiary, appellant and another were ordered by the guard to remain in the field for a short time for the purpose of raking up a little hay, after which they were to follow the guard to the penitentiary. Instead of doing as thus directed, they ran away, and were thereafter captured some distance away.

It is claimed, first, that the trial court erred in denying defendant's motion made at the close of the state's case to advise a verdict of acquittal, the contention being that the state had failed to establish its case by showing that the escape was accomplished by means of fraud as alleged.   A sufficient answer to such contention is that error cannot be predicated upon such a ruling.   Section 10017, Revised Code, which is the same as § 1118 of the Penal Code of California, provides:   "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant.   But the jury are not bound by the advice," nor can the court, for any cause, prevent the jury from giv-

ing a verdict. The supreme court of California has decided, and we think correctly, that an exception to the refusal of the court to advise an acquittal is not authorized. People v. Lewis, 124 Cal. 551, 553, 45 L.R.A. 783, 57 Pac. 470. See also People v. Daniels, 105 Cal. 262, 38 Pac. 720; People v. Stoll, 143 Cal. 689, 77 Pac. 818.

In People v. Lewis, Temple, J., in delivering the opinion of the court said: "I think no exception is authorized to a refusal of the court to give such advice. Had it been given, the jury would not be bound to obey it. If the defense was satisfied that there was a total lack of evidence upon some essential issue, it could have submitted the case upon the evidence of the prosecution. But, as it did not do so, it was proper for the court on just terms to allow the defect to be supplied at any time before the final submission of the case."

In People v. Daniels, supra, it was held that "the obvious effect of this provision of the Penal Code is to take from the court the power to determine, as a matter of law, at the close of the evidence for the prosecution, that the evidence is insufficient."

We do not overlook the fact that in the later case of People v. Ward, 145 Cal. 736, 79 Pac. 448, the rule announced in People v. Lewis, supra, was disapproved. The decision is, however, by a divided court; but two of the judges concurred generally with the writer of the opinion, while Judge Angellotti, McFarland, and Van Dyke merely concurred in the judgment, and Shaw, J., dissented. We deem the rule announced by Temple, J., in People v. Lewis, both sound and supported by the weight of authority. It is entirely clear that under the provisions of § 10017, Rev. Codes 1905, the court is powerless to take the case from the jury for any cause. "It may advise the jury to acquit the defendant. But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict." In the light of this statutory language, it would seem plain that error cannot be predicated upon such adverse ruling. By said statute the legislature has vested in the court the power, in its discretion, to advise an acquittal, but no legal duty to give such advice is thereby imposed. Hence, error cannot be assigned upon a refusal to so advise the jury. The following authorities lend support to these views: McCray v. State, 45 Fla. 80, 34 So. 5; Goldman v.

State, 75 Md. 621, 23 Atl. 1097; State v. Lynn, 3 Penn. (Del.) 316, 51 Atl. 878; State v. Brown, 72 N. J. L. 354, 60 Atl. 1117.

In McGray v. State it was said: "While the trial judge would have the right, after all the evidence in a criminal case had been submitted, if he was clearly satisfied that all of said evidence would not warrant or support a verdict of guilty, to instruct the jury to acquit, this is a matter resting entirely within the discretion of the trial judge, and no error can be predicated upon his failure or refusal so to do."

From the opinion in Goldman v. State we quote as follows: "The second exception, which we shall consider with the first, was taken to the refusal of the court to instruct the jury to render a verdict of not guilty as to John Murphy, on the ground that the evidence was insufficient to convict him. Now, it is too well established in this state to be seriously questioned that 'in the trial of the criminal cases the jury shall be the judges of law as well as of fact' . . . (Citing numerous cases). In all of these cases it was held that a jury would not be bound by any instructions given by the court, but could disregard them. The court may, in its discretion, advise the jury as to the law and legal effect of the evidence, but is not bound to do so, and, being a matter entirely within its discretion, its refusal to do so cannot be reviewed by this court."

In State v. Lynn defendant asked the court, at the conclusion of the state's evidence, to instruct the jury to acquit the defendant, and in refusing an exception to an adverse ruling the court said: "You cannot note an exception to this. . . . You can reach this in another way. When we come to charge the jury, you can then ask the court to direct the jury to return a verdict of not guilty. Then you can except properly. But this is not the place nor the time."

In State v. Brown, supra, we find the following language: "The seventh cause for reversal is that the trial court refused to direct a verdict for the defendant, notwithstanding a motion was made therefor. The direction of a verdict in a criminal case is a matter resting in the discretion of the court, and the refusal of the court to so direct is not reviewable on error."

It is next contended that the court erred in denying defendant's motion for a new trial. Counsel for appellant, in support of his con-

tention, merely refers us to the several alleged errors set out in his motion, without in any manner supporting by argument or citation of authorities, and he assumes it to be the duty of this court to search the record to ascertain whether any or all of such alleged errors are well founded. We quote from counsel's brief: "We take it to be the duty of the attorneys appearing in the trial of a criminal case, on behalf of the state as well as of the defendant, who are officers of the court, and also the duty of the court, to see that an accused has a fair trial, and that he is not deprived of his personal liberty without due process of law. So that, if the record in this case as presented to this court in any portion of it discloses that some part or parts of the procedure by which the judgment appealed from was reached was contrary to the law governing such matters, then this court will rectify such error by reversing the decision, whether or not we in our brief present reasons and authorities for so doing. Pursuant to this thought we invite the court's particular attention to the record in this case and the assignment of errors on pages 18 and 19 of this brief." We do not understand the rule to be as thus stated by counsel. By rule 20 of this court the preparation of briefs in criminal cases is governed (with certain modifications not here material) by the rules regulating the preparation of briefs in civil causes, and rule 14 relating to briefs in civil causes not to be tried anew on appeal provides, among other things: "In the body of his brief appellant shall present his reasons in support of each error assigned, with a concise statement of the principles of law applicable thereto with authorities supporting the same, treating each assignment relied upon separately, and such errors as are merely assigned and not supported in the body of the brief by reasons or authorities will be deemed to have been abandoned." We know of no reason why such rule should be relaxed in favor of the appellant in the case at bar. The presumption always obtains in criminal as well as civil appeals, that the record is free from error, and the appellant, who alleges the existence of error, has the burden of affirmatively showing that such error exists.. Appellant has signally failed in this regard.

In his brief counsel for appellant has stated numerous abstract propositions of law, citing authorities in support thereof, but he fails to point out whether they are applicable to the state of the record on this appeal.

The only remaining assignment requiring notice relates to the ruling of the court in denying defendant's motion in arrest of judgment. This is apparently the chief ground relied on for a reversal, and the contention, in brief, is that the information being in the language of the statute merely is not sufficient. The sufficiency of the information was first challenged by the motion in arrest of judgment. This being true, it is a settled rule of this court that the sufficiency of the allegations will be construed with less strictness than when raised by demurrer. State v. Johnson, 17 N. D. 554, 118 N. W. 230. It was also settled in said case that "where an information states facts constituting an offense in general words, and in the language of the statute defining the offense, the information is sufficient as against a motion in arrest of judgment, although some of the necessary allegations are stated or appear by inference, and not by positive allegation." The allegations of the information in the case at bar are substantially in the language of the statute and follow the rule above announced, we must hold the information sufficient. By what is above stated, we do not intend to intimate that the information would not be held sufficient, even as against an attack by demurrer. Upon this question no opinion is expressed, but see Com. v. Malloy, 119 Mass. 347; 2 McClain, Crim. Law, § 934.

No prejudicial error having been called to our attention, the judgment and orders appealed from are affirmed.

All concur, except ELLSWORTH and SPALDING, JJ., dissenting.

ELLSWORTH, J. (dissenting). The defendant was prosecuted under § 8678, Revised Codes 1905, the text of which is as follows: "Every person who, being confined in the penitentiary or other prison, or being in the lawful custody of an officer or other person, *by force or fraud escapes* from such prison or custody, is guilty of a felony," etc. Upon the trial the only evidence introduced in any manner bearing upon the means by which the escape was effected is that of the warden of the state penitentiary and of the defendant himself. The warden testified: "I saw the defendant, after the noon hour, go out from the penitentiary in charge of a guard by the name of Chas. Warner. He was sent out to work in the hay field. The rules of the penitentiary are that the men working in the field are to start to return to

the penitentiary at half-past 5. The defendant did not return that day till between 1 and 2 o'clock the next morning. When he did return he was in charge of the officers of the penitentiary. He asked me not to be too hard on him in punishment. He said he was left behind by officer Warner, to rake up a little hay they had just cut, and he was to follow right in; it would only take a few minutes; and that his desire for liberty got the best of his judgment, and he ran away and was sorry for it." The guard, Warner, did not testify, and the defendant stated: "We were at work in the hay field under a guard by the name of Warner. We started to return to the penitentiary in the evening, but the guard sent us back to rake up some hay. When the guard told us to go back we told him that we would probably 'go over the hill,' meaning we would go away; and he said if we could get away without taking the horses, we were welcome to try it. By we, I mean me and John Wade. We didn't take the horses, we just walked off."

At the close of the testimony of the State, the defendant moved the court "to advise the jury to return a verdict of not guilty in this case, for the reason that the State has wholly failed to show that any crime has been committed; has entirely failed to make out a case against this defendant." This motion was denied by the court, an exception taken, and the ruling assigned as error in the statement of the case and upon the brief of defendant's counsel. A motion for a new trial was afterward made upon the ground, among others, "that the verdict of the jury is contrary to law and clearly against the evidence." The motion for a new trial was denied by the court, and its ruling in this particular is also in the same manner assigned as error.

While under rule 14 "such errors as are merely assigned and not supported in the body of the brief by reasons or authoritiees will be deemed to have been abandoned," I do not think such rule should apply to a criminal case, in which the defendant cannot be presumed to have waived any substantial right, and in which he urges upon the attention of this court, as in this case, that the evidence introduced by the State is insufficient to support a conviction of the offense charged. A simple examination of the evidence, without argument or citation of authority, is all that is necessary to satisfy an impartial mind that there is not even slight evidence of an essential element of the public

offense charged. While it is undisputed that the defendant escaped from the penitentiary in the sense that for a time he placed himself beyond the custody of its officers, it is equally apparent that he did not effect his escape by force or fraud, but simply "walked off" when, through negligence or incompetence of the guard, he was left wholly unguarded. The gist of the offense as expressed by the statute is that the defendant should free himself from the restraint imposed by the prison walls or of the persons holding him in custody *"by force or fraud."* The conviction can be sustained only by disregarding defendant's attempt to bring the merits of his contention before us. To hold that he may be convicted under this statute upon proof merely of the fact that he passed out of the penitentiary or from the custody of a guard, without any showing whatever that such escape was effected by force or fraud, is of course nothing better than judicial legislation of the most objectionable kind. On the other hand, to hold that the evidence quoted above, which includes all that was introduced on this point by the State, shows an escape effected by force or fraud, requires a stretch of the imagination of which I confess I am incapable.

In my opinion the point of the insufficiency of this evidence to support a verdict was brought to the attention of the trial court by the motion made at the close of the State's case and by defendant's motion for a new trial, and cannot be disregarded on appeal. I cannot agree with that portion of the majority opinion which holds that error cannot be predicated upon the refusal of a trial court in a criminal case to advise a jury to render a verdict of not guilty.

It is true that the court is not authorized to direct the jury to find in the defendant's favor as in civil cases, or to compel the jury to so find if it refuses to follow the court's advice. It is, however, none the less the duty of the court to so advise the jury if at the close of the testimony for the prosecution it appears that the evidence introduced by the State does not show, prima facie at least, the essential. elements of a public offense. The California cases cited in the majority opinion not only do not sustain the holding that an exception cannot be predicated upon the refusal of a court to advise a verdict of not guilty when the evidence is insufficient to warrant a conviction, but expressly disclaim such holding. In the case of People v. Lewis, 124 Cal. 551, 45 L.R.A. 783, 57 Pac. 470, it is plainly indicated

that, in the opinion of the court, a review upon appeal of the refusal of a trial court to advise a verdict of not guilty may properly "go to the extent of determining whether there was an absence of any substantial evidence as to some fact that the prosecution was bound to prove." In the subsequent case of People v. Ward, 145 Cal. 736, 79 Pac. 449, it was held in express terms that when the court at the close of the State's evidence is requested to "instruct" the jury to return a verdict of not guilty, it is not justified in denying the motion because it can only *advise* an acquittal. To so hold, as the court states, "is to sacrifice substantial justice to mere form." The court then finds that the true rule that had never been expressly disapproved in California was announced in People v. Jones, 31 Cal. 571, to the effect that in a case where the *corpus delicti* was not proven, the court should instruct the jury to return a verdict of not guilty. Afterwards, as the opinion states, "in People v. Lewis, 124 Cal. 553, 45 L.R.A. 783, 57 Pac. 470, Justice Temple, in a case of conflicting evidence, and where the evidence was amply sufficient to sustain the conviction, expressed the opinion that the refusal of the judge to advise an acquittal was not the subject of an exception; but that statement was not necessary to his conclusion, and was not the ground of decision. We approve the doctrine of People v. Jones, 31 Cal. 571, that when there is a clear failure of proof upon a material allegation of the charge, the defendant has a right to demand an instruction to the jury that there has been such failure of proof, and the fact that he moves for an instruction to *acquit* does not relieve the court of the duty of doing what the court in such case may do, *i. e., advise* an acquittal." The holding of this case, which has not been overruled in any subsequent opinion, and which is the settled practice of California to-day, is peculiarly applicable to the case at bar. Our statute making it the duty of a district court to advise an acquittal in cases in which the evidence will not warrant a conviction is taken *verbatim* from the California Penal Code. The ruling in People v. Jones, above referred to, was made in 1867 at a time prior to that at which this statute was incorporated into our Code. Consequently, the prior holdings of the supreme court of California have a binding force that cannot be disregarded unless we can deliberately say that they violate sound prin-

ciple; and certainly not because they seem to be at variance with cases in other states having statutes on the subject materially different.

In a criminal case in which, as in this, the evidence is so plainly insufficient to show the necessary elements of a public offense, and the point is presented as it is in accordance with the rules of a well-settled practice, I think there should be no hesitation in reversing the judgment of conviction even though appellant's counsel may not, in some technical particulars, have complied with the letter of the rules of this court.

SPALDING, J.  I concur with the opinion of Judge Ellsworth.