PEOPLE, PLAINTIFF AND APPELLEE, *v.* FLORES, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Aguadilla in a Prosecution for False Representation.

No. 2264.—Decided November 25, 1924.

APPEAL—DEMURRER—PRIVILEGED DEMURRER.—The general rule is that the Supreme Court will not consider a demurrer not duly pleaded in the district court, but demurrers on the grounds of lack of jurisdiction and of failure to charge an offense are privileged and can be pleaded for the first time on appeal.

FALSE REPRESENTATION—FALSE PRETENSES—FRAUD.—To constitute the offense of obtaining money under false pretenses four things must appear by averment and proof; viz., there must be an intent to defraud, actual fraud, false pretenses used for perpetrating the fraud, and the fraud must be accomplished by means of the false pretenses as a cause which induced the owner to part with the property.

ID.—ID.—ID.—PLEADING.—The pertinent part of the information alleged that the accused "wilfully, intentionally and by means of false and fraudulent representations gave to Manuel Rubio a paper purporting to instruct the said Rubio to deliver to Juan Flores Javier twenty bushels of peanuts, telling him that it was signed by Aniceto Ceide, knowing that it was false and with a fraudulent intent, thus obtaining from Manuel Rubio twenty bushels of peanuts of the value of $140, which he appropriated to his own use, thereby defrauding Manuel Rubio of that sum." *Held:* That the information is not sufficient to charge the crime of false representation, because it does not allege whether or not Rubio was the owner of the peanuts, or what property actually was appropriated, or that Rubio parted with it induced by the particular false representations made by the defendant. Although it is alleged that the defendant gave to Rubio a paper signed by Ceide, nothing is averred to show Ceide's authority over Rubio.

The facts are stated in the opinion.
*Messrs. A. García Ducós* and *J. B. Soto* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Javier Flores was charged with and convicted of the crime of false representations and pretenses. He appealed from the judgment and alleges in his brief that the court erred in holding that the information was sufficient, in refusing to grant a continuance and in the examination of the evidence.

After a careful consideration of all of the errors assigned the court is of the opinion that the judgment appealed from should be reversed. In this opinion it will be necessary to make reference only to the first assignment.

The information, in so far as pertinent, reads as follows:

"The said Juan Flores Javier, at a time prior to the filing of this information, or on a day of the month of September, 1922, in the jurisdiction of Aguada, P. R., which forms a part of the judicial district of Aguadilla, P. R., then and there, wilfully, intentionally and by means of false and fraudulent representations gave to Manuel Rubio a paper purporting to instruct the said Rubio to deliver to Juan Flores Javier twenty bushels of peanuts, telling him that it was signed by Aniceto Ceide and knowing that it was false, and with a fraudulent intent obtaining from Manuel Rubio twenty bushels of peanuts of the value of $140 which he appropriated to his own use, thereby defrauding Manuel Rubio of that sum."

The appellant maintains that it does not duly charge the crime of false representations and pretenses, because it does not state who was the owner of the twenty bushels of peanuts therein referred to, or allege directly who obtained them from Manuel Rubio, or that Manuel Rubio was induced to deliver them by the false representations made by the defendant.

The *Fiscal* of the Supreme Court in his brief merely asks that the question so presented should not be considered, because it was not seasonably raised, in accordance with the law and the jurisprudence, in the district court. He cites the case of *People* v. *Córdova,* 9 P.R.R. 311, in which

the doctrine was laid down that ''Exceptions to an information must be taken before the trial court.''

The general rule is well established in the case cited. It has been applied repeatedly by this court and the case of *People* v. *París,* 25 P.R.R. 103, contains a careful analysis of the question. But there are exceptions that permit the raising of jurisdictional questions for the first time on appeal, as well as such questions as concern failure to allege all of the essential elements of the crime. Appellant's assignment of error under consideration comes within the latter exception.

The crime charged is defined and penalized in section 470 of the Penal Code as follows:

''Every person who knowingly and designedly, by false or fraudulent representations or pretenses, defrauds any other person of money or property, * * * is punishable in the same manner and to the same extent as for larceny of the money or property so obtained.''

What was purloined here? Was it goods or money? Was Rubio the owner of the peanuts? If not, what constituted the defrauding?

An information drawn by a district attorney expert in law under the strict practice prevailing in this country should leave no room for doubt. With clearness and precision it should charge a complete act constituting an offense previously defined and penalized by statute.

But there is something more that is really the fundamental error which renders a reversal necessary. In the information it is said that Manuel Rubio was defrauded, but it is not stated that he was induced to act as he did by the false representations (specifying them) made to him by the defendant. Although it is alleged that the defendant gave to Rubio a paper signed by Aniceto Ceide, nothing is averred to show Ceide's authority over Rubio.

In the case of *People* v. *Wasservogle,* 77 Cal. 173, the Supreme Court of California said:

"To constitute the offense of obtaining money under false pretenses, four things must appear by averment and proof; viz., there must be an intent to defraud, actual fraud, false pretenses used for perpetrating the fraud, and the fraud must be accomplished by means of the false pretenses as a cause which induced the owner to part with the property."

In *People* v. *McKenna,* 81 Cal. 158, the same court said:

"An information charging that the defendant did unlawfully, knowingly, and designedly, by false and fraudulent representations and pretenses, defraud another person of certain personal property, without setting forth the facts constituting the fraud or stating what the representations or pretenses were, does not state facts sufficient to support a conviction, and should be dismissed upon a motion in arrest of judgment."

And in *People* v. *Ward,* 145 Cal. 736, the court expressed its opinion as follows:

"The elements of the crime of obtaining money by false pretenses necessary to establish the *corpus delicti* are false statements adapted to the fraudulent purpose and money parted with upon the faith of such statements."

The question is not new in this Supreme Court. In the case of *People* v. *Portela,* 27 P.R.R. 243, it was held:

"An information which purports to charge false representation, but does not contain a clear description of the fraudulent pretense and does not allege that by reason of the representations of the accused the witness was induced to part with something of value which came into the possession of the accused, is insufficient."

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.