EL PUEBLO, DEMANDANTE Y APELADO, *v.* FLORES, ACUSADO
Y, APELANTE.

No. 2264.—*Visto:* Junio 12, 1924. *Resuelto:* Noviembre 25, 1924.

APELACIÓN—EXCEPCIONES PREVIAS QUE PUEDEN SUSCITARSE POR VEZ PRIMERA EN
APELACIÓN.—La regla general es que la Corte Suprema no considerará las
excepciones previas que no se hayan alegado debidamente en la corte de
distrito, pero las excepciones de falta de jurisdicción y de hechos suficientes
para imputar un delito tienen el privilegio de poderse suscitar por vez primera
en apelación.

FALSA REPRESENTACIÓN E IMPOSTURA—ELEMENTOS INTEGRANTES DEL DELITO.—
Para que quede constituído el delito de obtener dinero mediante falsas repre-
sentaciones, cuatro cosas deben aparecer tanto de las alegaciones como de la
prueba, a saber: debe existir la intención de defraudar, el fraude en sí,
las falsas representaciones usadas para perpetrar el fraude, y tal perpetración
debe haber sido hecha por medio de las falsas representaciones como causa
que indujo a la persona dueña de los bienes a desprenderse de ellos.

ID.—ACUSACIÓN INSUFICIENTE.—En lo pertinente la acusación en este caso alega
que el acusado ''voluntaria e intencionalmente y valiéndose de falsas y
fraudulentas simulaciones, entregó a Manuel Rubio un papel el cual decía
que podía entregar a Juan Flores Javier 20 fanegas de maní, y le dijo que
era suscrito por Aniceto Ceide, a sabiendas que era falso y con intención
fraudulenta, obteniendo de Manuel Rubio, 20 fanegas de maní, valoradas en
la cantidad de ciento cuarenta dólares, de cuya cantidad se apropió usándola
en su propio beneficio, defraudando de este modo a Manuel Rubio, en la
suma de ciento cuarenta dólares.'' *Se resolvió:* que tal acusación es insufi-
ciente para imputar el delito de falsa representación e impostura, por no
alegar si Rubio era o no el dueño del maní, en qué consistió la propiedad
defraudada ni que Rubio se desprendiera de ella inducido por las falsas
representaciones, determinándolas, que le hiciera el acusado. Si bien se
consigna que el acusado entregó a Rubio un papel firmado por Ceide, nada
se expresa que revele a Ceide como persona con autoridad para con Rubio.

Sentencia de *Tomás Bryan* J. (Aguadilla), condenando al acusado
por delito de falsa representación e impostura. *Revocada y de-
vuelto el caso.*

*A. García Ducós* y *J. B. Soto,* abogados del apelante; *José E. Fi-
gueras, Fiscal,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

Juan Javier Flores fué acusado y condenado como autor
de un delito de falsa representación e impostura. No con-
forme con la sentencia, apeló, señalando en su alegato cinco
errores cometidos a su juicio por la corte, uno, al resolver
que la acusación es suficiente, otro, al negarse a suspender
la celebración del juicio y tres, con motivo de la práctica de
la prueba.

Después de una consideración cuidadosa de todos los
errores señalados, el tribunal entiende que debe revocarse
la sentencia apelada. Sólo será necesario referirnos en esta
opinión escrita al primero.

La acusación copiada a la letra, en lo pertinente, dice:

"El referido acusado Juan Flores Javier, en época anterior a la
presentación de esta acusación, o sea allá por uno de los días del mes
de septiembre del año 1922, en la jurisdicción de Aguada, P. R., que
forma parte del Distrito Judicial de Aguadilla, P. R., allí y entonces,
voluntaria e intencionalmente y valiéndose de falsas y fraudulentas
simulaciones, entregó a Manuel Rubio un papel el cual decía que
podía entregar a Juan Flores Javier 20 fanegas de maní, y le dijo
que era suscrito por Aniceto Ceide, a sabiendas que era falso y con
intención fraudulenta, obteniendo de Manuel Rubio, 20 fanegas de
maní, valoradas en la cantidad de ciento cuarenta dólares, de cuya
cantidad se apropió usándola en su propio beneficio, defraudando
de este modo a Manuel Rubio, en la suma de ciento cuarenta dó-
lares."

Y el apelante sostiene que no imputa debidamente el de-
lito de falsa representación e impostura porque no dice a
quién pertenecen las veinte fanegas de maní a que en ella
se alude, ni alega directamente quién fué el que las obtuvo
de Manuel Rubio, ni que Manuel Rubio al entregarlas lo hi-

·ciera actuando inducido por falsas representaciones que le hiciera el acusado.

El Fiscal de este Tribunal Supremo se limita en su alegato a pedir que la cuestión levantada no sea considerada por no haberse promovido, de acuerdo con la ley y la jurisprudencia, en el momento oportuno en la corte de distrito. Cita el fiscal el caso de *El Pueblo* v. *Córdova,* 9 D.P.R. 344, en el cual se estableció la siguiente doctrina: ''Las excepciones contra la acusación deberán formularse ante la corte inferior, y no ante el Tribunal Supremo en apelación.''

La regla general está bien sentada en el caso citado. Repetidamente ha sido aplicada por esta corte y el caso de *El Pueblo* v. *París,* 25 D.P.R. 111, contiene un estudio cuidadoso sobre la materia. Pero existe la excepción que permite suscitar por vez primera en apelación las cuestiones jurisdiccionales y aquellas que se refieran a la falta de elementos integrantes del delito. Y en la última de dichas excepciones, está comprendido el error del apelante que estudiamos.

El delito imputado, previsto y castigado en el artículo 470 del Código Penal, es como sigue:

''Toda persona que a sabiendas e intencionalmente, valiéndose de falsas y fraudulentas simulaciones, defraudare dinero o bienes a otra persona, . . . . incurrirá en la pena señalada para el hurto de la cantidad de dinero o bienes así obtenida.''

¿Qué se defraudó aquí? ¿Efectos o dinero? ¿Era Rubio el dueño del maní? Si no lo era ¿en qué consistió la defraudación?

Una acusación formulada por un fiscal que es un experto en la ley, de acuerdo con el rígido sistema que en nuestro país existe, no debe dejar lugar a esas dudas. Clara y precisa, ·debe imputar un hecho completo constitutivo de un delito previamente establecido y penado por la ley.

Pero es más y es ello lo que en verdad constituye el error fundamental que lleva consigo la revocación de la sentencia.

En la acusación se dice que se defraudó a Manuel Rubio, pero no se expresa que Rubio actuara inducido por las falsas representaciones, determinándolas, que le hiciera el acusado, como alega el apelante. Si bien se consigna que el acusado entregó a Rubio un papel firmado por Aniceto Ceide, nada se expresa que revele a Ceide como persona con autoridad para con Rubio.

En el caso de *People* v. *Wasservogle,* 77 Cal. 173 (19 Pac. 270), la Corte Suprema de California, dijo:

"Para que quede constituído el delito de obtener dinero mediante falsas representaciones, cuatro cosas deben aparecer tanto de las alegaciones como de la prueba, a saber: debe existir la intención de defraudar, el fraude en sí, las falsas representaciones usadas para perpetrar el fraude, y tal perpetración debe haber sido hecha por medio de las falsas representaciones como causa que indujo a la persona dueña de los bienes a desprenderse de ellos."

En el de *People* v. *McKenna,* 81 Cal. 158 (22 Pac. 488), la propia corte decidió que:

"Una acusación en que se alega que el acusado ilegal e intencionalmente y a sabiendas, mediante falsas y fraudulentas simulaciones y representaciones, defraudó a otra persona de ciertos bienes muebles, sin expresar los hechos constitutivos del fraude ni en qué consistían las simulaciones y representaciones, no contiene hechos suficientes para sostener una sentencia condenatoria y debe ser desestimada al presentarse una moción de sobreseimiento."

Y en el de *People* v. *Ward,* 145 Cal. 736 (79 Pac. 448), insistiendo en su criterio, expresó:

"Los elementos del delito de obtener dinero mediante falsas representaciones, que son necesarios para establecer el corpus delicti, son las falsas manifestaciones dirigidas al fin fraudulento y la entrega de dinero bajo la fe de tales manifestaciones."

La cuestión no es nueva en esta Corte Suprema. En el caso de *El Pueblo* v. *Portela,* 27 D.P.R. 261, quedó resuelto que:

"Una acusación imputando el delito de falsa representación en

la que no hay una exposición clara de los hechos constitutivos de la falsa simulación y en la cual no se alega que por efecto de las simulaciones del acusado la denunciante fué inducida a desprenderse y efectivamente se desprendió de dinero o bienes que pasaron a poder del acusado, es insuficiente.''

*La sentencia apelada debe, pues, revocarse, y la causa devolverse para ulteriores procedimientos que no sean inconsistentes con esta opinión.*