## FOWEL v. WOOD.
### No. 728.

Municipal Court of Appeals for the
District of Columbia.
Dec. 14, 1948.

Milton Kaplan, of Washington, D. C., for appellant.

Charles E. Morganston, of Washington, D. C., (Ethelbert B. Frey, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff below sued defendant to recover the value of a boat sunk as a result of the alleged negligence of defendant. Defendant denied any duty for the care and supervision of the boat and counterclaimed for the accrued slip rental owing to him. Judgment for defendant on both plaintiff's claim and defendant's counterclaim was entered upon the jury's verdict and plaintiff appeals.

The sole issue in the case was whether the defendant was required to exercise any care or supervision of the boat in question. He alleged that the contract between the parties was merely one of slip rental. To prove a duty on the part of defendant, plaintiff testified that at some time in the past the rental was increased and at that time during a conversation between the parties defendant had stated that "the increase was due to the size of the boat and the care it necessitated." To corroborate his version of the conversation, plaintiff produced a witness who said he was sitting in an automobile a short distance from where the parties were talking and that he overheard a part of what was said. At that point plaintiff's counsel asked the witness to repeat the portion of the conversation which he overheard. However, the court interrupted and inquired of the wit-

ness how far away he was. The witness indicated a certain distance in the courtroom, and thereupon the court ruled that because the witness had not overheard the entire conversation he would not be allowed to testify to the part which he allegedly overheard. Proffer of proof was made to show that the witness would have testified that defendant told plaintiff the slip rental was increased because of the size of the boat and the care and attention it necessitated. The court repeated its previous ruling and an exception was noted. This ruling forms the basis of one of the appellant's assignments of error.

■ There can be no doubt that preliminary evidentiary questions such as the competency of a witness and the admissibility of evidence are within the control of the trial judge. However, these questions must be distinguished from credibility and weight to be assigned to competent and admissible testimony.[1]

■ In this case competency can not be assigned as a valid ground for the questioned exclusion. A witness' competency goes to his fitness to give *any* evidence in a court of law. Disqualification for incompetency is based generally upon some quality [2] which renders any statement by that witness unreliable or suspect. Here such is not the case. The record discloses no general objection to the witness. Therefore the issue must be resolved upon the character of the evidence rather than the fitness of the witness. For example, the testimony of an infant may be excluded in toto on grounds of incompetency, but once he is allowed to testify the uncertainty of his evidence goes only to its weight and does not disqualify it.[3]

■ As a general rule any evidence which is logically probative of some fact in issue is relevant and prima facie admissible unless it conflicts with some settled exclusionary rule.[4] The sole basis suggested here for the exclusion is that the witness did not hear the entire conversation. He was not permitted to recite how much of it he heard, and there was no opportunity to inquire whether he possibly heard more than he originally had in mind.

■■ In criminal cases the rule with respect to the admission of purported confessions of the accused is that the whole of the utterance is not required if it was not heard, but only so much as was heard and remembered.[5] Rules of evidence in criminal and civil cases are in general the same.[6] While in civil cases it is a general principle that the *whole* of an utterance should be reproduced because the giving of a part may result in a distorted meaning,[7] we do not believe a stricter rule should be followed in a civil case than in a criminal case where a person's life or liberty is at stake. Here we believe that at the least the witness should have been permitted to tell how much of the conversation he heard and subjected to cross-examination. We do not believe that his mere statement that he heard only part justified, at that point at least, the exclusion of his testimony. Since the testimony, according to the proffer of proof, went to the heart of the controversy, we must hold that the ruling constitutes reversible error.

The remaining assignment of error relates to the refusal of the trial court to permit defendant's counsel to exercise an additional peremptory challenge against a member of the jury panel after counsel had once accepted twelve members of the panel. Since the case must be retried and the situation involving the second assignment is hardly likely to arise again, it is unnecessary that we discuss it.

Reversed and remanded with instructions to award a new trial.

---

[1] 1 Wigmore, Evidence, 3rd Ed., § 29; 1 Jones, Evidence, 4th Ed., § 7.

[2] See 3 Jones, Evidence, 4th Ed., § 712.

[3] Eberle v. Stegman, 98 N.J.L. 879, 121 A. 618.

[4] 20 Am.Jur., Evidence, § 250.

[5] People v. Adamson, 27 Cal.2d 478, 165 P.2d 3, affirmed 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223; People v. Daniels, 105 Cal. 262, 38 P. 720;

[7] Wigmore, Evidence (3rd ed.) § 2100; Note 26 A.L.R. 541; Note 2 A.L.R. 1030.

[6] 31 C.J.S., Evidence, § 158.

[7] 7 Wigmore, Evidence (3rd ed.) §§ 2094, 2097.