[Crim. No. 2112. Second Appellate District, Division Two.—September 29, 1931.]

THE PEOPLE, Respondent, v. FRANK COX et al., Appellants.

Everett W. Leighton for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—Upon three informations filed by the district attorney of Los Angeles County, charging the defendants with having unlawfully received stolen property of other persons, Kramer was found guilty by a jury, and Cox was convicted upon two of them. Each filed a motion for a new trial, both of which were denied, and their individual appeals from orders denying said motions, and from the judgments, were consolidated and presented upon one transcript and a single set of briefs.

It appears that personal property which had been stolen from N. C. Gredis and Lawrence Frank was discovered at the apartment of Kramer, and property stolen from Fred E. Dilg was found at the room of Cox, in the city of Los Angeles. Officers first visited Kramer's apartment, requesting that they be admitted, whereupon the defendants fled, carrying sample cases, or suitcases, and parcels, from the rear of the premises. They "asked the defendant Cox where he got the stuff, and he said 'San Francisco' ". At the latter's lodging stolen wearing apparel allegedly of the value of $500 was recovered. The value of property unlawfully in Kramer's possession at his abode was alleged as $1900. All of the stolen goods were identified by salesmen as having been taken from their automobiles which had been parked or left in garages in the city of Los

Angeles. The owner of a bungalow court where Cox resided testified that Kramer visited him at his home. As observed, Cox ran with Kramer from the home of the latter when the officers appeared. When apprehended they were questioned together in Kramer's apartment, as to why they ran, to which Kramer replied: "Did you think we want to be caught with this stuff?" An officer testified: "I looked in the closet, dressing-room, and found 71 ladies' apparel, such as dresses, coats, about 12 or 14 hats, a dozen pairs of shoes, a Luger gun on a little place back of the dresser found a rifle;" and that Kramer offered to plead guilty to a charge of receiving stolen property, stating that he was not a burglar, that: "We are only small fries in this outfit. You did not get the big man, you just got the small people." It does not appear that Cox was questioned to any great extent, but witnesses swore that Kramer answered questions directed to both of the men, and that Cox made no response. The latter was found not guilty upon the charge involving the property found in his room, and it is contended that the evidence was not sufficient to sustain the verdicts and judgments against him upon the other counts. ■ But where there is evidence from which an inference of guilt is justified, a case will not be taken from the jury because an inference of innocence might also reasonably be drawn therefrom. The jury must choose between such inferences. (*People* v. *Staples,* 149 Cal. 405 [86 Pac. 886]; *People* v. *Muhly,* 15 Cal. App. 416 [114 Pac. 1017].) ■ We think the evidence was amply sufficient to warrant the conclusion that Kramer feloniously possessed the personal property of other persons, knowing that it had been stolen. The residence of both defendants in houses where the spoils of theft were stored by him, Cox's association with him, and attempted flight, together with silent acquiescence in accusations of the officers and admissions of Kramer, all were circumstances submitted under instructions of the trial court, from which the jury were vested with the duty and power to determine upon the whole case before them the question of fact as to whether or not Cox was a participant in the commission of either offense. (*People* v. *Hay,* 74 Cal. App. 464 [241 Pac. 275].)

It is ingeniously argued that certain of the identified stolen property discovered at the residence of appellant

Cox was introduced in evidence as against Kramer only, and was thereafter stricken out; that all of the property found at Kramer's home was also introduced as to him only; hence that there was no evidence sufficient to warrant the verdict finding Cox guilty of possession, and that the People failed to prove that Kramer knew that they had been stolen. The contention is predicated upon the assumption that there were no other circumstances tending to show guilty knowledge. As herein stated, it lay with the jury to determine whether or not the acts, statements and circumstances, coupled with the direct evidence of theft and possession were of sufficient weight to satisfy them to a moral certainty and beyond a reasonable doubt of the defendants' guilt. The jury were instructed in accordance with section 1096 of the Penal Code that, "It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." The weight of evidence may not ordinarily be questioned upon appeal. Such evidence in a case not essentially dissimilar was held sufficient. (*People* v. *Carrow,* 207. Cal. 366 [278 Pac. 857].)

The trial court instructed the jury: "If you believe the property was stolen, and was seen in the possession of defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, or the giving of a false account as to such possession, may be circumstances tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such." This instruction is challenged as error upon the ground that it does not constitute a correct statement of the law, and appellant mainly relies upon *People* v. *Boxer,* 137 Cal. 562 [70 Pac. 671], and kindred cases relating to the crime of burglary, which are in themselves clearly distinguishable. As was said of a similar instruction in the case cited: "As already stated, the defendants were upon trial, charged

with burglary, and that being the case, the mere fact, if it be a fact, that subsequent to the burglary they received the fruits of the crime into their possession cannot be said to be a circumstance tending to show their guilt of the crime of burglary. In cases of larceny the recent unexplained possession of the stolen property is a circumstance tending to show guilt. Probably the same may be said as to the recent unexplained possession of stolen property, the fruits of a burglary, but this instruction assumes that the defendants may have received the stolen property into their possession after the burglary was committed by other parties. It is very evident that nothing which these defendants could do in the way of accepting or holding the possession of the stolen property after the burglary had been committed would tend to prove their guilt of the crime of burglary." In *People* v. *Jacobs,* 73 Cal. App. 334 [238 Pac. 770], wherein a hearing in the Supreme Court was denied, the rule was announced after an exhaustive examination of numerous authorities. As there stated: "If we take as a guide the cognate rule in this state concerning charges of larceny, we should possibly be justified in adopting as principles of our criminal jurisprudence each of the two rules last stated in the preceding paragraph; that is, that either, first, the possession of stolen property, when attended by other suspicious circumstances; or, second, the possession of such property when not satisfactorily explained, will support a conviction on a charge of receiving stolen property. If we take the rule in California in cases of larceny as a ·guide, there is apparently no difference between the first and second principles just stated as applying to charges of receiving stolen property, for it has been determined in larceny cases, that where there is no explanation of his possession by the possessor, the possession alone will not justify a conviction, but that there must be other incriminating circumstances. (*People* v. *Reed,* 58 Cal. App. 7 [207 Pac. 1025].) It is to be noted, also, that where the possessor attempts to explain, but the explanation is unsatisfactory, that is in itself a suspicious circumstance." It is not contended that the jury were instructed that a failure to explain, or the unsatisfactory attempted explanation, standing alone, would be sufficient to justify a conviction in the instant case. Other instructions, embodying all of the principles

stated in the quoted authority, were given by the court, and we are not convinced that upon the whole the instruction assailed was erroneous.

From what has been said we think other instructions of which appellants complain require no further discussion, and that prejudicial error does not appear.

An appeal having been taken from the verdict, the same is dismissed. (*People* v. *Ruiz,* 144 Cal. 251 [77 Pac. 907].) The judgments and orders denying a new trial are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.