[Crim. No. 4414.   Second Dist., Div. Two.   Jan. 31, 1950.]

THE PEOPLE, Respondent, v. JOHN HORACE BOYD,
Appellant.

William V. Krowl and O. N. Normandin for Appellant.

Fred N. Howser, Attorney General, and Kent C. Rogers, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was convicted of having violated section 288 of the Penal Code, the act charged having been committed upon his daughter 10 years of age. He has appealed from the judgment of conviction.

The prosecutrix testified that her father committed the act while she and her younger sister were sleeping in the same bed, the sister having been asleep at the time; that about a week later he committed the same act upon her sister, they having exchanged sides of the bed as they frequently did without their parents' knowledge.

Defendant contends admission of the testimony as to the offense upon the younger child was prejudicial error. ■ The

general rule is that when a person is charged with the felonious commission of a sexual offense evidence of similar acts committed upon persons other than the prosecuting witness is ordinarily inadmissible. (*People* v. *Asavis*, 22 Cal.App.2d 492, 494 [71 P.2d 307].) But there are exceptions to this general rule. ▪ The evidence was admissible in the instant case for the purpose of showing defendant's lewd and lascivious intent (*People* v. *Knight*, 62 Cal.App. 143, 146 [216 P. 96] ; *People* v. *Owen*, 68 Cal.App.2d 617, 620 [157 P.2d 432] ), his disposition to commit the act charged and the probability of his having committed it (*People* v. *Jewett*, 84 Cal.App.2d 276, 279 [190 P.2d 330] ), and as tending logically and by reasonable inference to prove the commission of the act of which he was accused. (*People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924] ; *People* v. *Dabb*, 32 Cal.2d 491, 499 [197 P.2d 1].) ▪ Evidence of similar acts with other persons when relevant to the issues of the case and otherwise admissible is not to be excluded merely because it reveals the commission of an offense other than that charged. (*People* v. *Carmelo*, 94 Cal.App.2d 301, 304 [210 P.2d 538].) ▪ If evidence of another crime is necessary or pertinent to proof of the charge against a defendant it will not be excluded merely because it involves the commission of another crime. (*People* v. *Sanders*, 114 Cal. 216, 230 [46 P. 153].)

Defendant relies upon *People* v. *Asavis, supra*. In that case the evidence which caused the reversal concerned acts upon other minors out of the presence of the prosecutrix. In the instant case the act occurred one week after the offense charged in the information, and was committed upon the sister of the prosecutrix in the latter's presence under circumstances from which it may be inferred that defendant intended a second offense upon the prosecutrix. ▪ Moreover there was no objection to the reception of the evidence, no motion to strike it, and defendant's counsel cross-examined the prosecutrix concerning the offense on her sister. The objection first made in this court is too late. (*People* v. *Simeone*, 26 Cal.2d 795, 804 [161 P.2d 369].)

▪ Defendant's contention that the evidence is insufficient to support the judgment is untenable. The prosecutrix was more than 10 years of age at the time she testified. The court interrogated her as to her qualifications as a witness, and defendant admitted she was qualified. She described the act

committed upon her by her father and a vigorous cross-examination did not cause her to change or contradict her testimony. ■ Corroboration of the prosecuting witness is not required. (*People* v. *Raich,* 26 Cal.App. 286, 287 [146 P. 907] ; *People* v. *Campbell,* 80 Cal.App.2d 798, 800 [182 P.2d 626].) ■ The failure of the prosecutrix to make complaint to her mother concerning her father's act until she was questioned by her mother after her sister had told of the act committed upon the latter does not render her story unworthy of belief. (*People* v. *Westek,* 31 Cal.2d 469, 472 [190 P.2d 9].) In a conversation between defendant and his wife at which the prosecutrix was present defendant's wife repeated what the child had said to her. Defendant did not deny the act but said, ''Well, if that is the truth, just say the truth.'' He made no further comment.

■ Where there is evidence that a crime has been committed and that the defendant was the perpetrator, a reviewing court will not attempt to determine the weight of the evidence, and the judgment of conviction will not be set aside on appeal on the ground of insufficiency of the evidence unless it be made to appear clearly that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the trial court. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) The evidence is sufficient not only to sustain the judgment but to negate defendant's further contention that it is insufficient to establish his guilt beyond a reasonable doubt.

■ Concerning defendant's comment that the accusation against him, alleged to have been committed upon his daughter, may have so shocked the trial judge (the case was tried without a jury by stipulation) that ''his usual impartial and unbiased outlook must have been severely shaken,'' it need only be said that the trial judge has had many years' experience in the trial of criminal cases and it will not be assumed that he was so prejudiced by reason of the charge that he could not give defendant a fair and impartial trial.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.