[Crim. No. 2190. Third Dist. Sept. 29, 1950.]

THE PEOPLE, Respondent, v. EDWARD WESCOTT, Appellant.

Harold D. Hadley for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Appellant Wescott and his codefendant Fehr were charged with the crime of murder, to which they both pleaded not guilty. At the conclusion of the prosecution's case Wescott moved for an advisory verdict and for a dismissal as to himself, both of which motions were denied. Fol-

lowing the jury's return of verdicts of guilty against both defendants, Wescott moved for a new trial and now appeals from the denial thereof as well as from his judgment of conviction.

The evidence, viewed in the light most favorable to the respondent shows that immediately prior to the crime decedent Henry McAnally and a friend William Patrick Noonan were sleeping along the levee near the city of Marysville. Noonan, according to his testimony, was awakened by a blow on the head. While endeavoring to protect himself from further blows he heard McAnally "hollering" for help. He then noticed two men standing over McAnally, beating him. It was too dark to identify the assailants. However, as one Johnson approached armed with an automobile crank they ran away and Noonan noticed that they both wore T shirts and that one had dark vertical stripes on it. He further stated at the trial that defendants were approximately the same size as his assailants. Two police officers testified to seeing the defendants near the scene of the crime on three different occasions. Both defendants made statements to the officers following their arrests a few days later. Appellant Wescott denied any knowledge of the crime. But he did take the officers to the home of a friend where he obtained a T shirt which he said he was wearing that night. His codefendant Fehr implicated them both in the fatal assault. However, his statement, having been out of the presence of Wescott, was admitted only as to himself. The remaining evidence against defendants consisted of testimony of a doctor that McAnally died as a result of the beating he received, and the introduction of certain exhibits, among which was a pocket knife identified by Noonan as the one McAnally had prior to the assault, and which Fehr gave to the officers with the statement that it was given to him by Wescott. Also identified by Fehr was a club which he said he had used.

The evidence so summarized was all that the record contained at the time of appellant's motion for an advisory verdict. It is now his contention that the testimony of Noonan, which he characterizes as being "contrary to statements of both defendants" and as being "vague" and "contradictory," was the only evidence in the record that appellant struck McAnally and that therefore on the authority of Penal Code section 1118 and *People* v. *Ward,* 145 Cal. 736 [79 P. 448] such motion should have been granted. We can-

not agree with this conclusion. The evidence at the time of the motion showed that Noonan and McAnally were attacked without provocation as a result of which the latter died. Noonan described the participation by two men in the beating of decedent. He described a part of the assailants' clothing and that the defendants were similar in size to the assailants. He further described the pocket knife owned by decedent and found in the possession of Fehr. Wescott himself admitted being in the vicinity of the crime but denied giving the knife to Fehr or that he knew anything about the assault, saying he was asleep on the levee.

From our examination of the record we cannot say that there is an "absence of any substantial evidence as to some fact that the prosecution was bound to prove." (*People* v. *Jackson*, 78 Cal.App. 442 [248 P. 1061].) ■ To justify an instruction directing a verdict of acquittal the evidence must be insufficient as a matter of law. (*People* v. *Bannon*, 59 Cal.App. 50, 63 [209 P. 1029]; *People* v. *Curtis*, 36 Cal. App.2d 306, 324 [98 P.2d 228]; see, also, 8 Cal.Jur. 284.) Thus, where, as here, there is evidence from which an inference of guilt is justified a case will not be taken from the jury because an inference of innocence might also be drawn therefrom. (*People* v. *Cox*, 117 Cal.App. 254, 256 [3 P.2d 581].)

Appellant's next contention is that the evidence was insufficient to sustain the verdict. Here it must be noted that following the denial by the court of appellant's motion he took the stand in his own defense and admitted that his statements to the police, to the effect that he had not seen the fight, were incorrect, his reason for this being that having been in trouble once before he was afraid they would not believe him and that he wanted to first get the advice of counsel. He also testified that on the evening in question he had had quite a few drinks; that as he was following Fehr along the levee there was a sudden commotion and that he ran up ahead to see what was happening; that he noticed the decedent and Fehr struggling; that the man had a knife in his hand and he grabbed the man by the arm; that the man went limp and the knife he was trying to pry away came out of his hand.

His argument in support of such contention is principally predicated upon the weight of the evidence. In his reply brief, however, he endeavors to distinguish the case of *People* v. *LeGrant*, 76 Cal.App.2d 148 [172 P.2d 554], which is

strongly relied upon by the prosecution. In that case the evidence shows that the defendant LeGrant did not participate in the fatal fight but that during its progress kept people from attempting to stop it. The court, in rejecting the same argument as appellant makes herein, i. e., that the evidence shows no preconceived conspiracy or concert of action between the codefendants as to any intended assault upon the victim, and that the evidence was also insufficient to show that LeGrant had participated directly or aided and abetted his codefendant in the commission of the crime, stated:

"The liability of a defendant for a criminal act is fixed by the provisions of sections 31 and 971, Penal Code, whereby all persons 'concerned' are principals, whether directly, or by aiding and abetting in its commission, and conspiracy or concert of action, comprehend nothing that is not included in the definition of 'who are principals'. (Citing cases.) One may aid and abet without having previously entered into a conspiracy to commit a crime. (Citing cases.)"

Thus, to sustain the conviction against Wescott there was no necessity that he be shown to have physically participated in the fight. And although the mere presence alone of appellant at the scene of the attack would be insufficient, nevertheless, as the court in the LeGrant case stated, it would be a "circumstance tending to support a finding that he is a principal." However, by his own statement, he aided Fehr by holding the decedent's arm and removing the knife from his hand. Thus, with full knowledge of Fehr's acts and that an assault was in progress and knowledge of the possible fatal consequences he held the arm of the deceased while Fehr struck him.

The rule is too well established to warrant citation of authority that the strength or weakness of the testimony and the credibility of the witnesses were matters solely within the province of the jury, and that if there is any substantial evidence, contradicted or uncontradicted, to sustain its conclusion, a reviewing court will not interfere.

Appellant's next contention is that the trial court committed prejudicial error in two instances, first, by making certain statements during the course of defendant Fehr's testimony relative to the number of times he struck the decedent and the inference which the court drew therefrom that someone else also participated, and second, statements concerning what the court apparently felt was an attempt to

impeach a witness upon an immaterial matter. It is true that the court's first comment did intimate that someone in addition to Fehr, possibly Wescott, hit the decedent. However, following objection to the comment and a discussion between counsel and the court, the judge stated: "If I am mistaken I am mistaken." While, as we have said, it was unnecessary to a conviction of appellant that he actually struck McAnally, nevertheless even if such were not the rule the latter comment of the court would remove the prejudicial effect, if any, from the statement. Additionally it may be said that the questioning of the witness by the court could well come within the rule stated in *People* v. *Butterfield*, 40 Cal.App.2d 725 [105 P.2d 628]. See, also, *People* v. *Buratti*, 96 Cal.App.2d 417 [215 P.2d 500], and cases therein cited.

The second comment which appellant attacks, "Let's move along. You can't impeach a witness on an immaterial matter. Let's get going," was made after counsel for defendant, in cross-examining the witness Noonan, read a portion of his statement which was not inconsistent with his testimony at that moment. No objection was made to the remark. Even if such statement was objectionable (which under the circumstances we doubt), appellant's counsel, having failed to timely object to the alleged prejudicial remark, cannot now assign it as error and raise it for the first time on appeal.

Appellant's final contention is that the court erred in failing to give the instruction proposed by him. The instruction is quite lengthy and no benefit would be served by quoting it at length. Suffice it to say that it was nothing more than an argument to the jury based wholly upon appellant's version and valuation of the facts.

In a criminal case instructions always are to be given or refused with reference to the facts introduced before the jury. (*People* v. *McCoy*, 25 Cal.2d 177, 188 [153 P.2d 315].) Thus it has been repeatedly held to be improper to give instructions which single out the testimony either of the defendant, or any other witness, and charge the jury with particular reference thereto. (*People* v. *McDonnel*, 94 Cal.App. 2d 885 [211 P.2d 910]; *People* v. *Harris*, 128 Cal.App. 44 [16 P.2d 688].)

The judgment and order appealed from are affirmed.

Adams, P. J., and Van Dyke, J., concurred.