[Crim. No. 854. Fourth Dist. Sept. 15, 1952.]

THE PEOPLE, Respondent, v. ATTICUS HAYGOOD EVANS, Appellant.

J. M. Lopes for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Assistant Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged in an information with nine counts of statutory rape of Mary Frances Evans, his stepdaughter. A jury trial resulted in verdicts of guilty on all counts and a recommendation of imprisonment in the state prison. Defendant's application for probation was denied and the court ordered the sentences to be served concurrently with the sentence pronounced on the first count contained in the information.

Appellant's contentions on appeal are that the court erred in admitting testimony of other offenses and that the district attorney was guilty of prejudicial misconduct.

At the time of the commission of the offense alleged in the first count of the information, Mary Frances Evans, who was born August 14, 1934, was almost 14 years of age and was living in a four-room house in Porterville with her mother and the defendant. Mary testified that the defendant accomplished many acts of sexual intercourse with her commencing some time in 1948, and that all of these acts of intercourse

occurred with her at night in the home; that she had been sharing a room with her sister, Artie; that they had separate beds and that she had seen the defendant in bed with her sister several times. Except as to the charge contained in count seven of the information, the dates when these acts occurred were fixed by the prosecutrix with reference to a diary which she kept of events occurring during the time involved.

Artie Bell Evans testified that she was born June 8, 1931; that she had lived with her mother, her sister, Mary, and the defendant at the home in Porterville for about 14 years; that the defendant had sexual intercourse with her several times at the family residence; that these acts of intercourse first occurred when she was about 13 or 14 years of age and continued for about a year.

Defendant's principal contention is that the court erred in permitting the sister of the prosecutrix to testify, over objection, as to acts of sexual intercourse with the defendant. The general rule is that evidence of such similar acts with other persons is ordinarily inadmissible. However, there is a well recognized exception to the rule when the evidence in question is relevant to the issues in the case and is otherwise admissible. (*People* v. *Carmelo,* 94 Cal.App.2d 301, 304 [210 P.2d 538].) In *People* v. *Boyd,* 95 Cal.App.2d 831, 833 [213 P.2d 724], where the defendant was convicted of a violation of section 288 of the Penal Code, evidence of similar acts was held to be admissible for the purpose of showing defendant's lewd and lascivious intent, his disposition to commit the act charged, the probability of his having committed it and as tending logically and by reasonable inference to prove the commission of the act charged. And in *People* v. *Zatzke,* 33 Cal.2d 480, 483, 484 [202 P.2d 1009], the court said:

"Unquestionably evidence of other crimes and degrading practices unrelated to any issue on the trial is inadmissible. Proof of bad character has never been allowed as a step in the proof of guilt on a particular charge. But it is well settled that where such proof is relevant to an issue in the case it is admissible although it also tends to show immoral conduct or the commission of other crimes. 'If the evidence of another crime is necessary or pertinent to the proof of the one charged, the law will not thwart justice by excluding that evidence, simply because it involves commission of another crime.' (*People* v. *Sanders,* 114 Cal. 216, 230 [46 P. 153].) The reasons for the approved doctrine and the many cases in support thereof are fully set forth in *People* v. *Peete,* 28 Cal.

2d 306, at page 314 et seq. [169 P.2d 924]. (See, also, *People v. McMonigle,* 29 Cal.2d 730, 742 [177 P.2d 745].)''

█ In the instant case the evidence shows that the defendant married the mother of the prosecutrix when she and her sister were of the ages of 3 and 7 years; that the prosecutrix was the younger of the two girls; that they slept in the same room but in separate beds in their home in Porterville; that when Artie arrived at the age of 14 years, defendant got in bed with her on several occasions, which were witnessed by the prosecutrix. When the prosecutrix arrived at the age of 14, defendant engaged in the same course of conduct toward her. We conclude that under the circumstances shown, the conduct of the defendant with the sister of the prosecutrix, witnessed by her, is relevant to the issues in the case, under the exception to the general rule, and was properly admitted.

█ The alleged misconduct of the district attorney consists of questions asked by him on cross-examination of Mrs. Evans, mother of the prosecutrix, and the defendant. Mrs. Evans was asked the following question:

''Q. Mrs. Evans, the only reason you are testifying in behalf of your husband is because you feel guilty about this yourself, isn't it?''

The court sustained an objection to this question and it was not answered by the witness. The following questions were then asked:

''Q. Well, do you remember telling me, Mrs. Evans, that you did believe what your daughter was saying?'' and

''Q. Did you tell me that he (defendant) had promised to deed you over the property if you stuck beside him?''

Objections to these questions were overruled. The witness answered the first question in the affirmative and denied having made the statement attributed to her in the second question. Apparently the questions were asked in good faith for the purpose of impeachment and to show bias. █ Questions which have a tendency to show bias of a witness are not only competent, but great latitude in cross-examination should be allowed in developing its existence. (*People v. Pantages,* 212 Cal. 237, 255 [297 P. 890].) █ The defendant was asked the following question on cross-examination:

''Q. How many attorneys have represented you since this matter came up?''

An objection to this question was sustained by the court and no answer to it was returned. While the question was improper, as were the questions as to whether Mrs. Evans

believed the statements made by others in her presence, it does not appear that a miscarriage of justice resulted or that the asking of such questions constituted reversible error.

The evidence is insufficient as a matter of law to sustain a conviction on the charges set forth in count seven of the information and the judgment as to that count is reversed. The judgment and order denying a new trial as to the remaining counts in the information are affirmed.

Griffin, Acting P. J., concurred.

A petition for a rehearing was denied September 30, 1952, and appellant's petition for a hearing by the Supreme Court was denied October 23, 1952.