[Crim. No. 2867.   First Dist., Div. Two.   Nov. 13, 1952.]

THE PEOPLE, Respondent, v. MANLEY HATTON, Appellant.

Joseph A. Garry for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Wallace G. Colthurst, Deputy Attorney General, for Respondent.

JONES, J. pro tem.—Appellant was convicted of a violation of section 11500 of the Health and Safety Code of California—unlawful possession of narcotics—and appeals from the judgment of imprisonment imposed upon him and from the order denying his motion for a new trial.

As grounds for reversal he urges that the court erred in denying his motion to advise the jury to return a verdict of not guilty because of alleged lack of evidence, and, secondly, that the evidence is insufficient to sustain the verdict. There is thus presented the single issue of the sufficiency of the evidence to sustain the conviction. (*People* v. *Ward,* 145 Cal. 736 [79 P. 448].)

██ When his appeal is on the ground that the evidence is not sufficient to sustain the finding of the jury, the burden is on appellant to demonstrate that there is no evidence of a sufficiently substantial character to support the verdict upon any reasonable hypothesis whatever. ██ It is not enough that the established facts and circumstances may be reconciled with the innocence of the accused. Before a reversal may be had, the facts must disclose no reasonable basis for any inference other than appellant's innocence. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778] ; *People* v. *Hills,* 30 Cal.2d 694 [185 P.2d 11] ; *People* v. *Green,* 13 Cal.2d 37 [87 P.2d 821] ; *People* v. *Perkins,* 8 Cal.2d 502 [66 P.2d 631] ; *People* v. *Finkelstin,* 98 Cal.App.2d 545 [220 P.2d 934] ; *People* v. *Boyd,* 95 Cal.App.2d 831 [213 P.2d 724] ; *People* v. *Todd,* 91 Cal.App.2d 669 [205 P.2d 453] ; *People* v. *Klinkenberg,* 90 Cal.App.2d 608 [204 P.2d 47, 613] ; *People* v. *Hearn,* 88 Cal.App.2d 146 [198 P.2d 305].) ██ On the appeal all intendments are to be indulged in which will support the judgment to the exclusion of those tending to detract from it. (*People* v. *De La Roi,* 36 Cal.App.2d 287, 291 [97 P.2d 836].) As is said in *People* v. *Gutierrez,* 35 Cal.2d 721, 727 [221 P.2d 22], ''After conviction all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatsover is there sufficient substantial evidence to support it. (*People* v. *La-*

*tona,* 2 Cal.2d 714 [43 P.2d 260] ; *People* v. *Green,* 13 Cal.2d 37 [87 P.2d 821] ; *People* v. *De La Roi,* 36 Cal.App.2d 287 [97 P.2d 836].)''

The facts in this case as disclosed by the record are that on the afternoon of January 2d, 1952, three officers of the San Francisco Police Department went to Room 20 of the Justice Hotel on Clay Street and found three men in the room, Ramerez, Goodfield and appellant, Hatton. The room was about 10 feet by 6 feet and contained a bed, wash basin, dresser and closet. When the officers entered, appellant was standing backed up against the wash basin. A bindle of a half grain of heroin was fished out of the basin by the officers. The basin was still wet from water recently run through it.

On the dresser was an open knife with heroin on the blade. There was also spread on the dresser two pieces of old bindle paper, a tin cup, an eyedropper equipped to fit a hypodermic needle, a wire suitable for cleaning hypodermic needles, a spoon, a piece of cotton, a box of matches and a pair of tweezers. These articles are such as are ordinarily used in the preparation and injection of heroin into the blood stream, or for ''sniffing'' as inhaling is designated by addicts.

Appellant Hatton had fresh puncture marks on his right hand, Ramerez and Goodfield also bore puncture marks. All three men gave symptoms of being under the influence of a narcotic in that the pupils of the eyes of all three were pinpointed and those of Hatton and Goodfield frozen. In addition, Goodfield and Ramerez stated that narcotics were being administered in the room.

In the face of these facts it cannot be consistently said that the jury was not warranted in drawing an inference that the appellant was in possession of the narcotic at the time and place charged, nor that the trial court upon the motion for a new trial was not warranted in finding them sufficient to sustain the conviction. It is said in *People* v. *Wescott,* 99 Cal.App.2d 711, 715 [222 P.2d 256] that ''The rule is too well established to warrant citation of authority that the strength or weakness of testimony and the credibility of the witnesses were matters solely within the province of the jury, and that if there is any substantial evidence, contradicted or uncontradicted, to sustain its conclusion, a reviewing court will not interfere.''

In our opinion the evidence which the record discloses

and which tends to support the judgment is of sufficient substantiality to warrant the verdict.

The order and judgment appealed from are affirmed.

Goodell, Acting P. J., and Dooling, J., concurred.