[Crim. No. 5135. Second Dist., Div. Three. June 28, 1954.]

THE PEOPLE, Respondent, v. DANIEL M. LOPEZ, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, William E. James and Wilbur B. Thayer, Deputy Attorneys General, for Respondent.

SHINN, P. J.—By an information filed by the district attorney of Los Angeles County, defendant was charged with one count of burglary and five counts of receiving stolen property. The crimes set forth in the six counts of the information were alleged to have been committed on various dates between October 15, 1951, and March 30, 1953. Count I alleged that defendant burglarized a market and stole an adding machine; count II alleged that he had received a stolen adding machine knowing that it was stolen; counts III, IV and V respectively alleged that defendant had received stolen billfolds, a wrist watch, and three dozen eggs, knowing them to be stolen; count VI alleged that defendant had received a stolen pen, knowing it to be stolen. Defendant waived jury trial, and upon trial before the court was found guilty on counts II, III, IV and V and not guilty on counts I and VI. He appeals from the judgment, which placed him on probation, urging insufficiency of the evidence.

Section 496 of the Penal Code describes the offense of receiving stolen property as the buying or receiving of personal property which was stolen or obtained through theft or extortion with the knowledge that the property was so obtained, either for gain, or to prevent the owner from recovering his property.

The items specified in counts III, IV and V were allegedly stolen by boys, who sold the things they had stolen to defendant at his beer parlor. Two boys, aged 14 and 15 years,

testified that they stole six wallets or billfolds from a leather goods shop, and sold five of them to defendant for $4.00. The same two boys testified that they broke into a house which was identified as the residence of one Larry Kachaturian. One of the boys testified that while there he stole a wrist watch which he gave to defendant. This witness and Kachaturian testified that a watch found on the premises of defendant and introduced into evidence resembled the watch which was removed from Kachaturian's house. Another boy, aged 10, testified that he and two other boys broke into a poultry store; that he stole two dozen eggs and that one of his companions also stole two dozen eggs; that he and his companion gave the eggs to one of the brothers of the witness, and that he saw this brother give the eggs to defendant in exchange for some coins. The brother, who was 13 years old, testified that he received three dozen eggs from the two boys, and that he sold them to defendant for $1.50. There was other evidence tending to prove that the wallets had been stolen and evidence that the poultry store had been burglarized at the time the boys allegedly stole the eggs.

Defendant denied that he received wallets or eggs from the witnesses. His explanation for his possession of the watch was that the boy did come to his beer parlor and offered to sell the watch to him, that he declined to buy it, and that while he was engaged in serving a customer the boy disappeared, leaving the watch on the table.

Although the ages of the boys and the fact that they had committed thefts required that their testimony be subjected to the closest scrutiny, the question of their credibility appears to have been of major concern to the trial judge. The argument now made that the court should have believed the testimony of the defendant cannot prevail. We are bound by the implied finding that defendant received the stolen articles. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

The next question as to counts III, IV and V is whether the evidence justified the implied finding that the defendant knew that the good were stolen. Section 496.3 of the Penal Code reads in part as follows: "Any person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion, from any person under the age of 18 years shall be presumed to have bought or received such property knowing it to have been so stolen or obtained, unless such property

is sold by such minor at a fixed place of business carried on by the minor or his employer. This presumption may, however, be rebutted by proof.''

The quoted portion of the statute was applicable. Each of the boys testified as to each sale that defendant did not make any inquiry as to how the merchandise had come into the boy's possession or why he desired to sell it. Defendant introduced no evidence other than his own testimony to rebut the presumption. Moreover, the wallets still bore price tags and were sold for only a fraction of their retail value. The watch was either given to defendant or left with him after he refused to buy it. These additional circumstances cast suspicion on defendant's honesty. The evidence was ample to sustain the implied finding that defendant knew when he received the various items of merchandise that they had been stolen.

The next question is whether the evidence sustains the conviction of the crime of receiving a stolen adding machine, as specified in count II. The owner of the adding machine testified that his market was broken into on July 14, 1952, and that his adding machine was missing. An adding machine was found in defendant's home on April 21, 1953, slightly more than nine months later. This machine had the same serial number as the serial number on the bill of sale which the owner had received when he purchased the machine.

There remains the question whether the evidence sustains the implied finding that defendant knew that the machine had been stolen. At the time an investigating policeman found the adding machine in defendant's home he asked defendant how he had obtained it, and defendant replied that he had purchased it for $15 in a secondhand store some time in 1950. Defendant was then informed that the machine had been stolen on July 14, 1952. He then stated that in July, 1952, a man named Jim had sold him the machine on the street for $15. On the trial defendant testified that Jim came to his beer parlor and borrowed $15, leaving the machine as a pledge, that this incident occurred only three or four months before the police questioned him, and that Jim had patronized the beer parlor about four times before borrowing the $15 and leaving the machine. When on cross-examination he was asked why he had first told the story that he had purchased the machine in a secondhand store in 1950, he explained that when the police inquired about the machine he feared that it had been stolen and that

he invented the story in order to protect Jim from possible trouble, although he knew that in doing so he might cast suspicion on himself.

These conflicting and unsatisfactory accounts of his acquisition of the adding machine brought the case within the rule that possession of stolen property, accompanied by no explanation, or an unsatisfactory explanation of the possession, or by suspicious circumstances, will justify an inference that the goods were received with knowledge that they had been stolen. The rule is generally applied where the accused is found in possession of the articles soon after they were stolen. (*People* v. *Jacobs,* 73 Cal.App. 334, 339-344 [238 P. 770]; *People* v. *Boyden,* 116 Cal.App.2d 278, 288 [253 P.2d 773]; *People* v. *Reed,* 58 Cal.App. 7 [207 P. 1025].)

The fact that some nine months elapsed between the time the adding machine was stolen and the time when it was found in defendant's possession weakened the inference of defendant's guilty knowledge. It could have passed through several hands after the thief had disposed of it. Notwithstanding the lapse of time the conflicting stories told by defendant cast doubt upon his motives and could not be disregarded as a suspicious circumstance. But the explanations did not stand alone. The testimony of the boys was sufficient to prove that defendant would buy or receive stolen property when he had the opportunity, and when this evidence is considered with defendant's own statements and testimony there was, in our opinion, sufficient to justify the inference that regardless of the time when he received the adding machine or the circumstances of its receipt, defendant had knowledge that it had been stolen. (*People* v. *Ingles,* 117 Cal.App. 22, 27 [3 P.2d 341]; *People* v. *Robinson,* 107 Cal. App. 211, 224 [290 P. 470]; *People* v. *Cox,* 117 Cal.App. 254, 257-258 [3 P.2d 581]; *People* v. *Juehling,* 10 Cal.App.2d 527 [52 P.2d 520].)

The judgment is affirmed.

Wood (Parker), J., concurred.