[Crim. No. 1408.    Fourth Dist.    May 7, 1959.]

THE PEOPLE, Respondent, v. CARLTON KUYKENDALL,
Appellant.

Carlton Kuykendall, in pro. per., and Howard R. Mueller, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant and his codefendant Mary Ellen McGrew were charged with the wilful, unlawful and felonious possession of the narcotic marijuana in violation of section 11500 of the Health and Safety Code. Defendant McGrew pleaded guilty to the crime charged and was sentenced to imprisonment in the state prison. Appellant pleaded not guilty, admitted the four prior felony convictions charged in the information, and after trial by jury he was found guilty of possession of the narcotic as charged. His motion for a new trial was denied and he was sentenced to the state prison. He appeals from the judgment of conviction, contending that the evidence is insufficient to sustain the conviction and that the trial judge committed prejudicial error.

On June 12, 1958, Mr. Welch, owner of the Welch Apartments at 166 16th Street in the city of San Diego, in the course of gathering trash from the roof, noticed a brown paper sack in a drain pipe at the southeast corner of the roof. Welch removed the sack from the drain pipe, took it to his apartment and called the police department. The contents of the sack consisted of three bundles, each containing about 50 cigarettes and each wrapped with yellow, red and green rubber bands. Officer Wilson of the San Diego Police Department removed a cigarette from each of the bundles, made identifying marks on some of the cigarettes, dusted the bag and its contents with fluorescent powder, replaced the sack in the drain pipe and placed the roof under surveillance. At 5:23 p. m. on said date Officers Wilson and Mueller observed appellant Kuykendall emerge from a door onto the roof of the apartment house, proceed to the southeast corner of the roof, bend down out of sight, and return to the roof entrance. The officers then went to the front of the apartment house and arrested appellant, Mary Ellen McGrew, a Mr. Smith and a Miss Langley, all of whom were standing by the entrance.

The officers took these four persons into the building and up to the apartment occupied by Miss McGrew. She there emptied the contents of her purse on the table and attempted to conceal a cigarette package in her hand. This package contained five marijuana cigarettes, secured with a red rubber band. One of the officers then went to the roof and removed

the sack which they had previously dusted with fluorescent powder and replaced in the drain pipe. The officer then found the package contained only two packages of cigarettes, bound by rubber bands, instead of three, which were in the package when it was dusted and replaced.

Miss McGrew was searched by a policewoman at the police station and she found 49 marijuana cigarettes in the left side of Miss McGrew's brassiere. The brassiere and these cigarettes had fluorescent substance on them and several of the cigarettes had markings thereon made by the officer before he replaced the sack in the drain pipe. Dust of fluorescent powder was observed on appellant's left hand and two smears on his right hand. Debris removed from the pockets of appellant's vest was submitted to Mr. Orantes, criminalist for the city of San Diego, for examination and was found to contain particles of marijuana.

Miss McGrew testified that she went up on the roof at about 5 p.m. and obtained the cigarettes which she had placed there and which were later found on her person. Appellant testified that he arrived at the apartment at about 5 p.m. but did not go up on the roof.

Appellant's first contention is that the evidence is insufficient to sustain a conviction. ▇▇ The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt, and the court on appeal will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [259 P.2d 911].) ▇▇ On appeal the reviewing court is bound to view the evidence in the light most favorable to the respondent. (*People* v. *Dail,* 22 Cal.2d 642, 650 [140 P.2d 828].) ▇▇ We must assume in favor of the verdict herein the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) ▇▇▇▇ Where, as here, the appeal is on the ground that the evidence is not sufficient to sustain the finding of the jury, the burden is on the appellant to demonstrate that there is no evidence of a sufficiently substantial character to support the verdict upon any reasonable hypothesis whatever. It is not enough that the established facts and circumstances may be

reconciled with the innocence of the accused. Before a reversal may be had, the facts must disclose no reasonable basis for any inference other than appellant's innocence. (*People* v. *Hatton*, 114 Cal.App.2d 195, 196 [249 P.2d 901].) ■ The evidence viewed in the light of the foregoing rules amply supports the implied finding of the jury that appellant had knowledge of and joint dominion and control of the marijuana sacks found by the officers. (*People* v. *Bagley*, 133 Cal.App.2d 481, 484 [284 P.2d 36].) The sack containing marijuana was replaced on the roof and dusted with fluorescent powder by the officers, who thereafter watched it. They saw appellant appear on the roof and go directly to the place where the sack was hidden, bend down, and then return to the roof entrance. Miss McGrew was not seen on the roof but had the cigarettes in her possession when arrested, and the jury reasonably deduced that she obtained them from appellant. Traces of fluorescent powder were found on appellant's hands and marijuana particles were found on his clothes, and the jury could reasonably infer that he was well aware of the nature of marijuana.

■ Appellant argues that the court erred in giving additional instructions and in making comments to the jury indicating the court's belief of the guilt of the appellant and having the effect of coercing the jury to return a verdict of guilty. This argument is not meritorious. The court fully and fairly instructed the jury as to the law applicable in the case and specifically told the jury that it had nothing to do with questions of fact, the weight of the evidence, or the credit to be given to any witness, and gave the further instructions that

"If, during the course of the trial, I have said or done anything which may have suggested to you that I am inclined in favor of the claims or positions of either party, you will not suffer yourselves to be influenced by any such suggestion. I have not expressed, nor intended to express, nor have I intended to intimate any opinion as to which witnesses are, or are not worthy of belief, or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to wholly disregard it."

and that

"The jury are the sole and exclusive judges of the effect and value of evidence addressed to them and of the credibility of the witnesses who have testified in the case."

■ The record shows that the court commented on the clothing and appearance of the person on the roof of the apartment building but this was in response to an inquiry by the jury. We find no reversible error in this connection. In *People* v. *Ottey*, 5 Cal.2d 714, 724 [56 P.2d 193], it is said:

"It is impossible to state in an opinion just what particular comment should or should not be made in all cases. That question must depend, in a criminal case, upon the nature of the charge, the nature of the evidence, and, to some extent, on the arguments of counsel—in short, upon all of the circumstances of the case. 'It is impossible, however, from the cases to find the dividing line between what is objectionable and what is not, and to lay down a hard and fast rule by which the doubtful cases can be placed on one side or the other of the dividing line. . . . (reviewing cases.) . . . It is evident from an examination of these cases that each case, in a large measure, stands on its own bottom, except as to the recognition of certain general principles.' (Citations.)"

■ The record shows that when the jury was sent back for further deliberation the court commented as follows:

"THE COURT: You may go out and deliberate. Say Mr. Bailiff, since they are currently going to be down here sometime this evening, I don't know whether they will arrive at a verdict before six o'clock, but if they don't, they are going to be here this evening and I would suggest you move your paraphernalia upstairs, because we have no facilities for calling over there and getting in touch with you, and after the court closes we have to have an outside line. They are provided for upstairs, so I suggest you take them upstairs. Then you can go down and take the exhibits up."

There is nothing in these remarks which suggested to the jury the court's opinion as to what the verdict should be nor was there any improper pressure on the jury to agree.

■ Moreover, the appellant failed to object to the remarks of the trial court and a claim of misconduct on the part of the court will ordinarily not be considered on appeal unless the party who complains has given the trial court an opportunity to correct the error or false impression to the jury. (*People* v. *Cheary*, 48 Cal.2d 301, 316 [309 P.2d 431].)

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.